IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA DAVIS, | ) | |
| | ) | Case No. 5:22-cv-2206 |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| | ) | OPINION & ORDER |
| TECHNOLOGY CREDIT UNION, *ET AL*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is one defendant's motion to dismiss. Trivest Partners, L.P. ("Trivest") moves to dismiss with prejudice the plaintiff's complaint. This case stems from a purported business operation that allegedly used false promises, deceptive advertisement, and pressured sales tactics to sell the plaintiff overpriced and defective residential solar panels. Trivest is a private equity company that invested in the now defunct solar panel company. Trivest argues that dismissal is warranted under Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and the first-to-file rule. The plaintiff contends that this Court has personal jurisdiction over Trivest, she has pleaded sufficient facts to state a claim, and the first-to-file rule is inapplicable to this case. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Trivest's motion to dismiss, and it dismisses this case without prejudice under the first-to-file rule.

Background

In 2022, the plaintiff, Tonya Davis ("Ms. Davis"), purchased a solar system for her home from a business called Power Home Solar (d/b/a Pink Energy) ("Pink Energy"). ECF Doc. 1, ¶ 16. She paid approximately $60,000 to buy and install the solar panels. *Id.* at ¶ 23. In October 2022, Pink Energy filed for Chapter 7 bankruptcy. ECF Doc. 1, ¶ 3. Defendant Jayson Waller ("Mr. Waller") was Pink Energy's founder and Chief Executive Officer. *Id.* at ¶ 8. When Ms.

1

Davis bought the solar panels, she financed the purchase through a loan agreement with Defendants Technology Credit Union and Sunlight Financial LLC ("Sunlight Financial"). ECF Doc. 1, ¶ 7. Ms. Davis alleges that the defendants pressured her to buy overpriced solar panels, using "pressured hard-sell sales tactics" and "false, fraudulent, and misleading representations." *Id.* at ¶¶ 14, 24. Ultimately, the solar panels were "never fully or consistently activated," failed to produce the kilowatt hours for which she contracted," and resulted in financial and property damage to the plaintiff. *Id.* at ¶¶ 71, 74, 75, 89.

The plaintiff alleges Counts 1, 2, 3, 4, 7, 10, 11, and 13 against all four defendants: Breach of Contract (Count 1); Fraudulent Misrepresentation (Count 2); Negligent Misrepresentation (Count 3); Fraud in the Inducement/Execution (Count 4); Negligent Selection/Retention/Training (Count 7); Civil Conspiracy (Count 10); Negligence (Count 11); Punitive Damages Claim (Count 13). *Id.* In Counts 5, 6, and 12, the plaintiff seeks declaratory judgment to void the loan and sales agreement's contractual clauses that pertain to arbitration and the limitation of liability. *Id.* The plaintiff alleges Counts 8 and 9 against Technology Credit Union, Sunlight Financial, and Trivest: Breach of Warranty (Count 8); Violations of Ohio Consumer Protection Act (Count 9). *Id.*

## Procedural History

Before turning to this case, the Court considers the procedural history of a related case that began close in time to Ms. Davis's case. On November 13, 2022, the plaintiffs in *Aaron Hall, et al, v. Trivest Partners L.P., et al* (Case no. 4:22-cv-12743-FKB-CI) filed a class action complaint in the Eastern District of Michigan (EDMI). ECF Doc. 1 (EDMI Case no. 4:22-cv-12743-FKB-CI). The three defendants in the class action complaint are: Trivest, Jayson Waller, and TGIF Power Home Investor, LLC (later known as Pink Energy). *Id.* The class action

2

complaint arose from the same business operation that "ostensibly" sold and installed home solar systems, but "was fundamentally an instrument of fraud and deception." *Id.* at ¶¶ 1, 2.

The plaintiffs in the class action suit allege Counts 1, 2, and 3 against all three defendants: Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1962(a) and (c)) (Count 1); Conspiracy to Violate Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(d)) (Count 2); and Violations of the Michigan Consumer Protections Act (Count 3). ECF Doc. 1 (EDMI Case no. 4:22-cv-12743-FKB-CI). The putative class, which the court has not yet certified, includes "All persons in the United States who purchased a home solar system from Power Home Solar, LLC (including d/b/a/ Pink Energy) at any time since January 1, 2018." *Id.* at ¶ 116. On February 15, 2023, Trivest and TGIF Power Home Investor filed a joint motion to dismiss. ECF Doc. 17 (EDMI Case no. 4:22-cv-12743-FKB-CI). A video conference hearing regarding the defendants' motion to dismiss is scheduled for August 9, 2023 at 2:00 pm. ECF Doc. 19 (EDMI Case no. 4:22-cv-12743-FKB-CI).

Turning to this case, on December 8, 2022, the Ms. Davis filed her complaint in the Northern District of Ohio. ECF Doc. 1. On March 31, 2023, Trivest filed a motion to dismiss, which is the subject of this opinion and order. ECF Doc. 5. On April 14, 2023, the plaintiff filed a memorandum in opposition to Trivest's motion to dismiss. ECF Doc. 11. On April 28, 2023, Trivest filed a reply. ECF Doc. 14.

### First-to-File Standard

The Court first addresses Trivest's first-to-file argument. The first-to-file rule is a "prudential doctrine" that is meant to "encourage comity among federal courts of equal rank." *Baatz v. Columbia Gas Transmission*, LLC, 814 F.3d 785, 789 (6th Cir. 2016) (citations omitted*); see also Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d

3

535, 551 (6th Cir. 2007).  Additionally, it reflects the common sense need to "manage overlapping litigation across multiple districts," conserve judicial resources, minimize "duplicative or piecemeal litigation," and protect the "parties and the courts from the possibility of conflicting results."  *Baatz*, 814 F.3d at 789.  "Duplicative" suits "must involve 'nearly identical parties and issues.' "  *Id.* (quoting *Certified Restoration Dry Cleaning Network, LLC*, 511 F.3d at 551).

In applying the first-to-file rule, courts evaluate three factors: (1) chronology of events; (2) similarity of the parties involved; and (3) similarity of the issues or claims at stake.  *Id.*  If each factor is satisfied, the first-to-file-rule presumptively applies.  *Id.*  But a court must also consider whether equitable considerations such as "inequitable conduct, bad faith, anticipatory suits, or forum shopping" weigh against applying the first-to-file rule.  *Id.*  The court presiding over the latter-filed case has four options: "(1) dismiss the case without prejudice; (2) transfer the second-filed case to the district in which the first-filed case is pending; (3) stay proceedings in the second-filed case while the first-filed court decides whether to retain or relinquish jurisdiction; or (4) proceed without interruption."  *Peters v. Inmate Servs. Corp.*, No. 1:17-cv-1660, 2018 U.S. Dist. LEXIS 230849, at *4 (N.D. Ohio Jan. 11, 2018).  This Court has discretion when applying the first-to-file rule.  *Img Worldwide, Inc. v. Baldwin*, No. 10-CV-794, 2010 U.S. Dist. LEXIS 81380, at *14 (N.D. Ohio Aug. 11, 2010) (citing *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001)).

First-to-File Analysis

Trivest argues that the first-to-file rule applies in this case and that all three factors weigh in favor of dismissal without prejudice, or alternatively, staying this action pending the outcome of the Michigan case.  ECF Doc. 5, pp. 18-19.  Ms. Davis opposes Trivest's efforts to

consolidate her case with the Michigan class action suit. ECF Doc. 11, pp. 1, 12. She contends that the first-to-file rule is inapplicable because the Michigan case concerns substantially different claims and parties, as it does not include either financial institution as a defendant nor any of her thirteen causes of action. *Id.*

Under the first factor, the procedural chronology is clear. The Michigan class action suit predates Ms. Davis's complaint. The plaintiffs filed their class action suit on November 13, 2022, while Ms. Davis filed hers on December 7, 2022. ECF Docs. 1; Doc. 1 (EDMI Case no. 4:22-cv-12743-FKB-CI). The first factor weighs in favor of the first-to-file rule.

Second, the parties in Ms. Davis's case and the Michigan class action suit are not "perfectly identical," but they "substantially overlap." *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d at 790 ("The first-to-file rule applies when the parties in the two actions 'substantial[ly] overlap,' even if they are not perfectly identical."). The financial institutions are not the primary parties in Ms. Davis's action; Pink Energy and its former CEO, Mr. Waller, who purportedly spearheaded the "designing, implementing, and teaching [of] the fraudulent sales practices" are the critical actors. ECF Doc. 1, ¶ 25. Moreover, Trivest is a named defendant in both cases for allegedly participating in Pink Energy and Mr. Waller's fraud. *See Plating Res., Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999) (noting that the second factor does not require the "precise identity" of the parties in both cases); *see also Fryda v. Takeda Pharm. N. Am., Inc.*, No. 1:11-cv-00339, 2011 U.S. Dist. LEXIS 42221, at *13 (N.D. Ohio Apr. 13, 2011) (finding the presence of two additional defendants is not enough to overcome the otherwise substantial similarity between the defendants in both cases). Given the broad definition of the putative class, Ms. Davis would undoubtedly meet the requirements and

Case: 5:22-cv-02206-DAP Doc #: 16 Filed: 05/05/23 6 of 6. PageID #: 227

potentially become a party in both actions. Therefore, the second factor weighs in favor of the first-to-file rule.

Third, although none of Ms. Davis's specific claims appear in the Michigan class action complaint, both cases are "substantially similar" because they arose from the same factual circumstances, over the same period, and seek similar relief. *See Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998) ("Exact parallelism is not required; it is enough if the two proceedings are substantially similar.") (internal quotations and citation omitted). Both cases stem from Pink Energy's purported scheme to deceive, mislead, and pressure homeowners into buying overpriced and defective solar panels during 2018 to 2022. Additionally, Ms. Davis and the class action plaintiffs seek economic damages from installing the defendants' products in their homes. Therefore, the third factor weighs in favor of the first-to-file rule.

Finally, the Court finds no evidence of inequitable conduct, bad faith, anticipatory suits, or forum shopping. Therefore, the Court finds the three factors weigh in favor of applying the first-to-file rule in this case. The Court exercises its discretion and dismisses without prejudice Ms. Davis's case. Accordingly, the Court need not address Trivest's remaining motion to dismiss arguments under Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

## Conclusion

The Court finds that the first-to-file rule applies and warrants dismissal without prejudice of the plaintiff's case. Accordingly, the Court <u>GRANTS IN PART</u> and <u>DENIES IN PART</u> Trivest's motion to dismiss, and it dismisses this case without prejudice under the first-to-file rule.

Date: May 5, 2023

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge

6