IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA DAVIS, | ) | |
| | ) | Case No. 5:22-cv-02206 |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| | ) | OPINION & ORDER |
| TECHNOLOGY CREDIT UNION, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Plaintiff's motion to amend judgment, under Fed R. Civ. P. 59(e). ECF Doc. 19. The Plaintiff, Tonya Davis ("Ms. Davis"), requests that this Court "reconsider" and "vacate" its Opinion and Order, dated May 5, 2023, where the Court dismissed this case without prejudice under the first-to-file rule. ECF Docs. 16, 19. For the following reasons, the Court DENIES the Plaintiff's motion to amend judgement.

Background and Procedural History

This case stems from a purported business operation that allegedly used false promises, deceptive advertisement, and pressured sales tactics to sell Ms. Davis overpriced and defective residential solar panels. ECF Doc. 1. On March 31, 2023, one of the defendants, Trivest Partners, L.P. ("Trivest"), filed a motion to dismiss. ECF Doc. 5. Trivest argued that dismissal was warranted under Fed. R. Civ. P. 12(b)(2), 12(b)(6), and the first-to-file rule. *Id.* After the Plaintiff filed a response and Trivest filed a reply, this Court issued its ruling on May 5, 2023. ECF Docs. 11, 14, 16. The Court dismissed the case without prejudice under the first-to-file rule. ECF Doc. 16. On May 25, 2023, the Plaintiff filed her motion to amend judgement, which is the subject of this opinion and order. ECF Doc. 19. On June 8, 2023, Trivest and Defendant

Jayson Waller filed responses. ECF Docs. 20, 21. And on June 19, 2023, the Plaintiff filed her reply. ECF Doc. 22.

## Standard

A district court may amend a judgment under Fed. R. Civ. P. 59(e) only "if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice." *Patel v. Hughes*, 2023 U.S. App. LEXIS 11427 at *15 (6th Cir. May 9, 2023) (quoting *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017)). The "purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citation omitted). A Rule 59(e) motion is not to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (citation omitted). Rule 59(e) requires that a party file a motion to amend a judgement no later than 28 days after the entry of judgment. As the moving party, the Plaintiff bears the burden of proof. *Georgalis v. Facebook, Inc.*, No. 1:18 CV 256, 2018 U.S. Dist. LEXIS 195815, at *3 (N.D. Ohio Nov. 16, 2018) (citation omitted).

## Analysis

The Plaintiff's primary basis for her motion to amend judgment is that she will "suffer injustice." ECF Doc. 19, p. 3. Ms. Davis states that she has "no desire to participate in the Michigan litigation and fully intends to 'opt-out' of the class." *Id.* She asserts that being forced to wait "an extended period of time before she can opt out" of the class action suit is "prejudicial" to her. *Id.* at p. 4. Ms. Davis contends that during this period, she will have "little bargaining power to potentially settle her claims," she must continue making payments on her

solar system, and she runs the risk of being unable to refile her case within the refiling period. *Id.* at pp. 4-5. Additionally, the Plaintiff argues that the Court's decision weighs against judicial economy because the Court will have to "essentially restart" this case after Ms. Davis opts-out of the Michigan suit. *Id.* at p. 5.

Trivest argues that the Plaintiff's motion simply restates the merits of the motion to dismiss, improperly relies on previously available evidence, and attempts to circumvent the first-to-file rule by preemptively opting out of the class action suit. ECF Doc. 20. Defendant Waller echoes Trivest's arguments in opposition. ECF Doc. 21. Mr. Waller further contends that under Sixth Circuit precedent, the Plaintiff's statement of her intent to opt-out of the Michigan class action suit and her complaints of potential delay are "insufficient" to defeat the first-to-file rule. *Id.* at pp. 3-4.

The Plaintiff's motion to amend judgment is an attempt to relitigate the motion to dismiss with new arguments attacking the first-to-file rule. A Rule 59(e) motion to amend judgment is not the proper vehicle to challenge the propriety of the Court's decision to dismiss the Plaintiff's case. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). Additionally, Ms. Davis cannot raise new arguments "which could, and should, have been made" prior to the Court ruling on the motion to dismiss. *Id.* ("parties should not use [Rule 59(e) motions] to raise arguments which could, and should, have been made before judgment issued") (internal quotations and citation omitted)).

Ms. Davis had an opportunity to respond to Trivest's motion to dismiss and to present these arguments to the Court, but she did not. The Plaintiff's written response to Trivest's motion to dismiss was over twelve pages. ECF Doc. 11. Yet, the section analyzing the first-to-

3

file rule was one-half page and consisted of less than ten sentences. *Id.* at p. 12. It did not raise any injustice, due process, or judicial economy arguments that are present in this motion to amend judgment. *Id.* Therefore, because Ms. Davis had the opportunity to raise these arguments in her prior submission to the Court, but chose not to, her new arguments are barred. *See Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374 (finding that a plaintiff's argument was "barred" from consideration in a Rule 59(e) motion because the plaintiff failed to raise it before the district court ruled on the motion to compel compliance).

Additionally, even if the Court considered the Plaintiff's new arguments on their merits, they fail to satisfy Rule 59(e)'s standard. First, Ms. Davis's affidavit is insufficient, as "[n]ewly discovered evidence must have been previously unavailable." *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Additionally, her declaration that she intends to opt-out of any certified class in the Michigan case is insufficient to defeat the first-to-file rule. *See Baatz v. Columbia Gas Transmission*, LLC, 814 F.3d 785, 791 (6th Cir. 2016) (finding that the first-to-file analysis is "not affected" by plaintiffs' representation that they would opt-out of the class if it is certified). Second, the Plaintiff does not demonstrate that this Court erred in applying the first-to-file rule or cite to any intervening change in the law. Third, the Plaintiff failed to show that a *manifest* injustice occurred because of the Court's decision. Ms. Davis does not cite to any cases that support her position that routine—or even delayed—litigation timelines, diminished negotiation power, and the fact that "many of Plaintiff's current claims may be time-barred if [she] is forced to refile this action" constitute a manifest injustice. Finally, the Plaintiff makes no showing of "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping" that would weigh against enforcement of the first-to-file rule. *See Certified*

4

*Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (citation omitted).

In her reply, Ms. Davis asserts that even if the Court dismisses her case, it "will still have to adjudicate the other two pending cases." ECF Doc. 22, pp. 2-3. However, this is incorrect. This Court has only one related case, *McConville, et al., v. Power Home Solar, LLC, et al.*, (Case no. 5:22-cv-01277), that will require adjudication. On June 16, 2023, the Court issued an order in *McConville v. Power Home Solar* that requires the plaintiffs to file a response and explain why the Court should not apply the first-to-file rule and dismiss the case without prejudice. ECF Doc. 46 (Case no. 5:22-cv-01277). The Court noted that while the plaintiffs' original complaint predated the Michigan class action suit, they filed an amended complaint on January 3, 2023, and added Trivest as a defendant. *Id.* In doing so, *McConville v. Power Home Solar* became virtually the same case as *Davis v. Tech. Credit Union*. *Id.* The third case, *Mondello, et al., v. Power Home Solar, LLC, et al.*, (Case no. 5:22-cv-01238), is before Judge David A. Ruiz and does not name Trivest as a defendant. Therefore, it is in an entirely different posture.

Additionally, the Plaintiff maintains that if the Court intends to dismiss the case, it should do so only as to Trivest and permit the case to move forward against the remaining three defendants. *Id.* at p. 3. The Court declines to do so. First, splitting up the defendants in this civil conspiracy case—where the Plaintiff alleges that the "Defendants conspired together to facilitate the sale of the system"—makes little sense. ECF Doc. 1, ¶ 191. Second, the Plaintiff's proposed alternative would cause the one case to be divided into two cases, before two different judges in two different courts, which is not in the interest of judicial economy. Finally, the Plaintiff failed to satisfy her burden under Rule 59(e) to convince the Court to amend its prior ruling in favor of staying the case.

The undersigned carefully considered the parties' written briefs in deciding to apply the first-to-file rule and dismiss without prejudice the Plaintiff's case.  The Plaintiff failed to satisfy Rule 59(e)'s standard for the Court to amend its judgment.  The Plaintiff has not demonstrated a clear error of law, newly discovered evidence, intervening change in controlling law, or a need to prevent manifest injustice.  Therefore, the Court finds no reason to "reconsider" or "vacate" its Opinion and Order, dated May 5, 2023.  Accordingly, the Plaintiff's motion is hereby <u>DENIED</u>.

Conclusion

The Plaintiff failed to satisfy the standard under Fed. R. Civ. P. 59(e).  Accordingly, the Court <u>DENIES</u> the Plaintiff's motion to amend judgement.

Date: June 20, 2023

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge